# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL MORTON, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | _____ |
| **D.R. HORTON, INC., D.R.** ) | |
| **HORTON-BIRMINGHAM,** ) | |
| **BETHEL ENGINEERING, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **AND** ) | |
| ) | |
| **THE ESTATE OF** ) | |
| **CHRISTOPHER PATRICK** ) | |
| **FAHRMANN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **D.R. HORTON, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **AND** ) | |
| ) | |
| **PENNY MCANALLY, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **D.R. HORTON, INC., et al.,** ) | |
| ) | |

**Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1444, 1446, and 1453, Defendant, Bethel Engineering, Inc. (hereinafter referred to as "Bethel") by and through the undersigned counsel, hereby removes to the United States District Court for the Southern District of Alabama, the above-styled case pending as Case No.: CV-2021-901218, in the Circuit Court of Baldwin County, Alabama, and states as follows:

1. This Defendant removes this action pursuant to this Court's jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). Specifically, based on the allegations of the Complaint filed by Michael Morton, Penny McAnally, Sara Fahrmann, and their Co-Plaintiffs, this is a "Mass Action" under 28 U.S.C. § 1332(d)(11), in that more than 100 Plaintiffs purport to try their claims jointly on the ground that such claims involve one or more common questions of law or fact; at least one Plaintiff is of diverse citizenship from one Defendant under 28 US.C. § 1332(d)(2)(A); and, in the aggregate, the amount in controversy exceeds the value of $5 million exclusive of interest and cost, pursuant to 28 U.S.C. §§ 1332(d)(2) & (5), although this Defendant denies the allegations of Plaintiffs herein and denies that Plaintiffs are entitled to any relief. This Defendant discusses the allegations of the Plaintiffs' Complaint solely to demonstrate this Court's jurisdiction and the propriety of removal.

2. On November 9, 2021, Michael Morton and 87 additional Plaintiffs (total of 88 Plaintiffs) filed civil action in Baldwin County, Alabama against D.R. Horton, Inc., D.R. Horton-Inc.-Birmingham, and Bethel Engineering, Inc. in Civil Action No.: CV-2021-901218 (hereinafter referred to as "the Morton Lawsuit"). A copy of all process, pleadings, and other papers served upon this Defendant in this case is attached hereto collectively as Exhibit A.

3. On January 14, 2022, Sara Fahrmann, individually and Sara Fahrmann, as Executor of the Estate of Patrick Fahrmann, filed a civil action in Baldwin County, Alabama against D.R. Horton, Inc., D.R. Horton, Inc.-Birmingham, Bethel Engineering, Inc., and The City of Orange Beach, Alabama, in the Circuit Court of Baldwin County, Alabama in Civil Action No.: CV-2022-900046 (hereinafter referred to as "the Fahrmann Lawsuit"). A copy of all process, pleadings, and other papers served upon this Defendant is attached hereto collectively as Exhibit B.

4. On January 21, 2022, Penny McAnally and 70 additional Plaintiffs (total of 71 Plaintiffs) filed a civil action against D.R. Horton, Inc., D.R. Horton, Inc.-Birmingham, and Bethel Engineering, Inc. in the Circuit Court of Baldwin County, Alabama, with Civil Action No.: CV-2022-900069 (hereinafter referred to as "the McAnally Lawsuit"). A copy of all process, pleadings, and other papers served upon this Defendant is attached hereto collectively as Exhibit C.

5. On or about January 26, 2022, the Plaintiffs filed a Motion to Consolidate the Morton Lawsuit (CV-2021-901218), the Fahrmann Lawsuit (CV-2022-900046), and the McAnally Lawsuit (CV-2022-900069), into the Morton Lawsuit (See Exhibit A, Doc 109). Plaintiffs' counsel also filed Motions to Consolidate in the Fahrmann and McAnally Lawsuits, as well as a Motion to Transfer the respective cases to the docket of the judge handling the Morton Lawsuit. (See Exhibit B, Doc. 16 and Doc. 19 in the Fahrmann Lawsuit; See also Exhibit C, Doc. 18 and Doc. 21 in the McAnally Lawsuit). On January 27, 2022, the judge in the Fahrmann Lawsuit granted the Motion to Consolidate and, in addition, granted the Motion to Transfer the case to the Morton Court. (See Exhibit B, Doc. 21 and Doc. 23 in the Fahrmann Lawsuit). In addition, on January 27, 2022, the judge in the McAnally Lawsuit granted the Motion to Consolidate and the Motion to Transfer to the Morton Court. (See Exhibit C, Doc. 23 and Doc. 25 in the McAnally Lawsuit). On February 8, 2022, the Court in the Morton Lawsuit also granted the Motion for Consolidation (See Exhibit A, Doc. 137).

5. In their Motions to Consolidate, Plaintiffs' counsel alleges that all three lawsuits "involve a common question of law pending before the Court." (See Exhibit A, Doc. 89 in the Morton Lawsuit; Exhibit B, Doc. 16 in the Fahrmann Lawsuit; Exhibit C, Doc. 18 in the McAnally Lawsuit) and that consolidation would "avoid unnecessary cost and delay in the trial of these suits." Id. Therefore, the

Morton Lawsuit is composed of 161 Plaintiffs who have moved to consolidate three cases so that they can try their claims jointly on the grounds that such claims involve one or more common questions of law. The consolidation, of the three lawsuits has resulted in a single case composed of 161 Plaintiffs asserting claims involving common questions of law and fact which satisfies the Mass Action requirement under CAFA pursuant to 28 U.S.C. § 1332(d)(11). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and other papers served upon the Defendant in the underlying Court are produced in Exhibits A, B, and C.

6. This removal is timely filed within thirty (30) days of the Court in the Morton, Fahrmann and McAnally Lawsuits granting Plaintiffs' Motions to Consolidate. The resulting consolidated case contains greater than 100 Plaintiffs as required by 28 U.S.C. § 1446(b)(3) ("[I]f the cases stated by the initial pleading is not removable, a Notice of Removal may be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained if the case is one which is or has become removable.")

7. This case is properly removed to this Court because it is the "district and division embracing the place where" the action was filed – the Circuit Court of Baldwin County.  28 U.S.C. § 1441(a); 28 U.S.C. § 81(c)(2).

8.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for all adverse parties and a copy is being filed with the Circuit Court of Baldwin County, Alabama.  A copy of the Notice of Filing of Notice of Removal is appended hereto as Exhibit D.

## CAFA DIVERSITY JURISDICTION

9.      CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the value of $5 million, exclusive of interest and cost, and is a class action which any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  For purposes of the diversity and removal statutes, "Mass Actions" as defined by CAFA are considered to be Class Actions.  28 U.S.C. § 1332(d)(11)(A).

10.     A Mass Action is any civil action in which monetary relief claims of 100 or more Plaintiffs are proposed to be tried jointly on the grounds that the Plaintiffs' claims involve common questions of law or fact.  28 U.S.C. § 1332(d)(11)(B)(i).  The consolidated State Court action herein is such a Mass Action, as claims of approximately 161 individual Plaintiffs have been joined together.  See Complaint in Morton Lawsuit, Ex. A, Doc. 2, ¶¶ 1(a) – 1(jjjj); See Complaint in Fahrmann Lawsuit, Ex. B, Doc. 2, ¶ 1-2; See Complaint in McAnally Lawsuit, Ex. C, Doc. 2, ¶¶ 1(a) – 1(qqq).  Plaintiffs' herein purport to assert claims

for monetary relief in each of the lawsuits for compensatory damages, mental anguish, and injunctive relief.

## MINIMAL DIVERSITY

11. One or more of the Plaintiffs are citizens of the State of Alabama: Plaintiff Michael Morton is a resident citizen of Baldwin County, Alabama (Ex. A, Doc. 2, ¶ 1.a.); Plaintiff Sara Pearl Fahrmann is a resident citizen of Baldwin County, Alabama (Ex. B, Doc. 2, ¶ 1.); Plaintiff Penny McAnally is a resident citizen of Baldwin County, Alabama (Ex. C, Doc. 2, ¶ 1.a.). The Defendant, D.R. Horton, Inc. is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Arlington, Texas, and is therefore a citizen of Delaware and Texas for diversity purposes. As such, there is "minimal diversity of citizenship" among the parties to this action as required by 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

12. CAFA requires that the "aggregate" "matter in controversy" exceed [ ] the sum or value of $5 million, exclusive of interest and cost." 28 U.S.C. § 1332(d)(2)&(6). For purposes of the removal under CAFA, the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of Defendant's liability. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755-56 (11th Cir. 2010). A defendant can show that the $5 million CAFA requirement is met if it is "facially apparent from the Complaint" or is shown to be

more likely than not met by "affidavits, declarations, or other documentation" submitted by the defendant. Id at 754-55.

13. In the consolidated action, all approximately 161 Plaintiffs allege that the Horton Defendants marketed and sold homes that did not meet the technical requirements of the Institute for Business and Homes Safety ("IBHS") to be certified as "Gold Fortified," in that the windows, roof bracing, fasteners, foundation, bracing, and other aspects of the home do not meet the Gold Fortified designation standard or the local building code. (See Complaint in Morton Lawsuit, Ex. A, Doc. 2, ¶ 16; See Complaint in Fahrmann Lawsuit, Ex. B, Doc. 2, ¶ 20;; See Complaint in McAnally Lawsuit, Ex. C, Doc. 2, ¶¶ 13, 16). Furthermore, Plaintiffs claim that they have suffered mental anguish and emotional distress. (See Ex. A, Doc. 2, ¶ 25; See Ex. B, Doc. 2, ¶ 37; See Ex. C, Doc. 2, ¶ 31).

14. Prior to the filing of the Morton Lawsuit, Ex. A, Doc. 2, the Plaintiffs, through their counsel, served demand letters on D.R. Horton, Inc. and Bethel Engineering, Inc. (See Ex. A, Doc. 3, Doc. 4, and Doc. 5). In the demand letter, attached to the Complaint, Plaintiffs' counsel allege that the repair estimates on behalf of the 88 people involved in the lawsuit was $11,578,257.80. Plaintiffs' counsel asserts a claim for damages and attorney fees on behalf of the 88 Plaintiffs totaling $46,891,944.10 (Ex. A, Doc. 5, p. 4).

15. Prior to the filing of the Fahrmann Lawsuit, Plaintiffs' counsel submitted a demand letter on behalf of the Fahrmann Lawsuit and the Plaintiffs in the McAnally Lawsuit indicating that the damages to the Plaintiffs' structures were "$300,000" per home for a total of $11,776,836.60 in repair costs. (See Ex. B, Doc. 3 and Doc. 4). The Plaintiffs' total demand to each Defendant separately was $110,876,188.20. (Id.) In addition, prior to the filing of the McAnally Lawsuit, Plaintiffs' counsel submitted documentation indicating that there were $11,562,339.90 in out-of-pocket expenses for the McAnally Plaintiffs and a total demand was made of $108,792,477.50. (See Ex. C, Doc. 5). In light of the number of Plaintiffs in the action, the allegations of injury, the repair cost alleged by the Plaintiffs' counsel, it is apparent that more than $5 million is placed in controversy by Plaintiffs' Complaints.

16. The allegations of the Complaint also demonstrate that the State Court action arises from multiple events or occurrences and not from a single event or occurrence. The Complaints allege that the Plaintiffs were all told misrepresentations in relation to their home. (See Ex. A, Doc. 2, ¶¶ 35, 36; See Ex. B, Doc. 2, ¶¶ 18-20; See Ex. C, Doc. 2, ¶¶ 35-39). Upon information and belief, some of the residences involved in this litigation were purchased by the Plaintiffs as far back as 2015. There is no indication in the Complaints that every Plaintiff was subjected to the same conditions or suffered the same injuries (or even common

injuries). Further, the Complaints allege that the Defendant's alleged wrongdoing is in relation to representations related to the condition of each Plaintiffs' particular home prior to his/her purchase, as well as claims related to the construction of his/her home by the builder, D.R. Horton, Inc.-Birmingham and D.R. Horton, Inc. The Plaintiffs each allege that they each suffered separate and distinct claims of mental anguish and emotional distress. There is no evidence in the Complaints that the Plaintiffs' injuries were caused by the same condition of the property. In fact, it is clear from the Complaints that the Plaintiffs all own separate parcels of land and their individual claims are based on separate and distinct events.

17.     For the foregoing reasons, CAFA jurisdiction is present over the State Court action which is one this Defendant is entitled to remove pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453).

WHEREFORE, this Defendant respectfully requests that this Court take jurisdiction and cognizance over this matter.

Respectfully submitted,

*s/ Michael R. Lunsford*
MICHAEL R. LUNSFORD (LUN006)
JAMES MICHAEL COOPER (COO037)
Attorney for Defendant, *Bethel Engineering*

         Porterfield Harper Mills Motlow
           & Ireland, PA
      22 Inverness Center Parkway, Suite 600
      Birmingham, Alabama 35242
      T: 205-980-5000 / F: 205-980-5001
      E-mail: mrl@phm-law.com
      E-mail: jmc@phm-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing and/or by placing a copy in the U.S. Mail, first class postage pre-paid, and/or electronic mail to the following:

J. Thomas Pilcher, IV
Wilkins, Bankester, Biles & Wynne, P.A.
P.O. Box 400
Bay Minette, AL 36507
251-937-7024
tpilcher@wbbwlaw.com

David L. Sheller
Sheller Law Firm, PLLC
360 FM 1959
Houston, TX 77034
832-841-1175
david@shellerlawfirm.com

Steven D. Hazelwood
Hazelwood Firm, LLC
440 River Route
Magnolia Springs, AL 36555
251-510-6969
Shazelwood@hazelwoodfirm.com

W. Bradley Smith
Hand Arendall Harrison Sale, LLC
P.O. Box 1499
Fairhope, AL 36533
251-990-0079
bsmith@handfirm.com

William D. Montgomery, Jr.
Ball, Ball, Matthews & Novak, P.A.
RSA Trustmark Building
107 St. Francis Street, Suite 3340
Mobile, AL 36602
251-338-2721
monty@ball-ball.com

David F. Walker
Andrew J. Rutens
Galloway, Wettermark & Rutens, LLP
P.O. Box 16629
Mobile, AL 36616
251-476-4493
david@gallowayllp.com
arutens@gallowayllp.com

                        *s/Michael R. Lunsford*
                        OF COUNSEL