IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MORTON, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., D.R. HORTON-BIRMINGHAM, BETHEL ENGINEERING, *et al.*,<br><br>     Defendants. | Civil Action No. 1:22-cv-00091 |

**DEFENDANT D.R. HORTON, INC. – BIRMINGHAM'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' NON-ARBITRABLE CLAIMS**

COMES NOW, D.R. Horton, Inc. – Birmingham (DRH-Birmingham), a Defendant in the above-styled cause, and hereby submits the following Reply to the Plaintiffs' Response in Opposition (Doc. 34) to DRH-Birmingham's Partial Motion to Dismiss, Motion for More Definite Statement, and Partial Motion for Judgment on the Pleadings as to the Plaintiffs' Non-Arbitrable Claims and Brief in Support of Partial Motion for Judgment on the Pleadings as to the Plaintiffs' Non-Arbitrable Claims ("the Motion or Defendant's Motion") (Docs. 9 and 10):

**I.     SUMMARY**

The Plaintiffs' Response (Doc. 34) does not grapple with the majority of the analysis and legal authority laid out in DRH-Birmingham's Motion. Indeed, it appears the Plaintiffs' strategy was to file a shotgun Response to combat DRH-Birmingham's arguments that the various Complaints are impermissible shotgun pleadings. The Plaintiffs accomplish this by adopting and incorporating into their Response various Exhibits which improperly group Defendants together without any distinction

1

as to the acts or omissions of each Defendant. (Doc. 34, PageID.5905-5909). The Response does not address the critical issue – that the Complaints (a) improperly lump all Defendants together as if they are one and the same, (b) improperly adopt and incorporate every preceding factual allegation and count into every succeeding count, and (c) even lump claims for injunctive relief into claims for money damages.

Next, the Plaintiffs fail to overcome the plain language of the ADTPA prohibiting alternative pleading of both the ADTPA and common law or statutory fraud. The Plaintiffs' Response also fails to sufficiently rebut this Defendant's argument that the Plaintiffs lack standing to bring their injunctive relief claims under the Alabama Deceptive Trade Practices Act ("ADTPA") and cannot demonstrate an irreparable injury. In this same vein, the Plaintiffs' Response fails to acknowledge their lack of standing to seek injunctive relief in a representative capacity for future unknown potential purchasers of DRH-Birmingham homes. Finally, the Plaintiffs appear to concede that this Defendant's Motion is due to be granted as to the negligence, wantonness, and negligent hiring/training/supervision claims made by those Plaintiffs who purchased their homes from third parties. (Doc. 34; PageID.5867). However, the Plaintiffs' attempts to preserve the fraud or ADTPA claims for this subset of Plaintiffs are not supported by any applicable law, are not sufficiently plead under Rules 8 or 9, and must fail because DRH-Birmingham owes no duty to these particular Plaintiffs.

In short, without more and without adequate argument from the Plaintiffs, this Defendant's Motion is due to be granted.

## II.     ANALYSIS

### A.     The Plaintiffs' Response is As Vague and Non-Specific as their Complaints

Much like the Plaintiffs' Complaints, the Plaintiffs' Response refers vaguely to "representations" provided "by the Defendants" that the homes the Plaintiffs purchased were

compliant with various codes and met IBHS Gold Fortified standards. (Doc. 34, PageID.5869). The Plaintiffs argue that their Complaints "clearly identify that 'representations' were made" "by a representative of D.R. Horton, Inc. – Birmingham," (Doc. 34, PageID.5870) or, as to the Plaintiffs who purchased homes through a third party, that the current Plaintiff purchaser "relied upon the prior representations" that the homes were complaint with ordinances and IBHS standards. (Doc. 34, PageID.5869). This statement is not accurate for two reasons.  First, DRH-Birmingham is not singled out in the Complaints for any alleged representations, but instead is presented as only one of three Defendants grouped together as a single unit in Paragraph Nos. 12-15 of the *Morton* and *McAnally* Complaints (Doc.1-1, PageID.25; Doc.1-4, PageID.775-76).  Second, the Plaintiffs' Complaints do not allege any facts that DRH-Birmingham made any representation to a home's original purchaser who then sold their home to a Plaintiff herein, nor do they allege any facts that a Plaintiff herein relied upon the representations made by DRH-Birmingham to the original purchaser.

As set forth in the Motion, it is impossible for DRH-Birmingham, or any other Defendant, to discern what acts, omissions, or statements are attributed to it as opposed any other Defendant. (Doc. 10, PageID.2140).  Despite presenting the claims of more than 150 Plaintiffs across the *Morton* and *McAnally* Complaints, there is not a single factual allegation unique to any one Plaintiff against any one Defendant. There is not a single name attached to any alleged misrepresentation other than the name of the corresponding Defendant corporate entity.  There is not a single statement containing a fact establishing the day, week, month, or year of any alleged wrongful conduct on the part of any Defendant.  The Complaints do not even allege when any Plaintiff purchased his or her home.

The Plaintiffs' Response continues to treat each Defendant as if it were acting in unison with the other Defendants at all material times hereto. (Doc. 10, PageID.2140).  The Plaintiffs' Response fails to justify the contents of the Complaints which, as currently plead, appear to allege that the

misrepresentations were (a) made by each and every Defendant, (b) at the exact same time, (c) in the exact same location, (d) in the exact same form of communication, and (e) about the exact same topic. The Response also lacks any justification for the Plaintiffs' failure to identify the nature and extent of the defects present in each Plaintiff's home, instead lumping the alleged damages together in a vague and collective manner. The current iteration of each Complaint claims each home suffers from the exact same nature and extent of damages as every single other home, while simultaneously alleging that the homes suffer from "varying other" code violations. (Doc. 1-1, PageID.25-26; Doc. 1-3, PageID.714-715; Doc. 1-4, PageID.776-777). The prospect of each home possessing the exact same alleged defects and the exact same amount of damage, is, to be kind, highly unlikely. Indeed, Plaintiffs' own exhibits to their Response prove the homes do not suffer from the same alleged issues.

Specifically, the September 17, 2021, letter to Plaintiffs' Counsel Sheller from Plaintiffs' purported expert David Kosnick, P.E., clearly demonstrates that each home inspected by Kosnick and his agents did not suffer from the exact same alleged deficiencies as every other home. (Doc. 34, PageID.5918-24). Furthermore, the Exhibits refer to "D.R. Horton" in a general sense, thereby failing to distinguish whether D.R. Horton, Inc., or DRH-Birmingham may be the entity referenced in the Exhibits. (Doc. 34, PageID.5905-5909). In sum, the Plaintiffs' nonspecific claims against the "Defendants generally," are not clearly stated, and are thus insufficient to pass Rule 12(e)'s muster. *See, e.g., Beckwith v. Bellsouth Telecommunications Inc.*, 146 Fed. App'x 368, 372 (11th Cir. 2005). As this Defendant stated in its Motion, under Rule 9 it is the Plaintiffs' burden to "include facts as to time, place, and substance of the defendant's alleged fraud." *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567-68 (11th Cir. 1994). The Plaintiffs' complaints are therefore due to be repled.

### B. Plaintiffs' ADTPA Claims Prohibit Alternative Pleading of Common Law and Statutory Fraud Claim

The Plaintiffs argue that they may plead common law/statutory fraud claims and ADTPA claims in the alternative. This is incorrect. U.S. District Judge Terry Moorer only recently granted summary judgment in a case where fraud and ADTPA claims were plead alternatively, holding "permitting Plaintiffs to plead ADTPA in addition to their fraud claim would run contrary to the plain language of the statute and enlarge a substantive right that is limited by state law." *Carter v. L'Oreal USA, Inc*., No. 2:16-CV-508-TFM-B, 2019 WL 4786949, at *10 (S.D. Ala. Sept. 30, 2019). In reaching this decision, Judge Moorer looked to the ADTPA's text where it clearly states "[a]n election to pursue the civil remedies prescribed in this chapter shall exclude and be a surrender of *all other rights and remedies available at common law, by statute or otherwise*, for fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment arising out of any act, occurrence or transaction actionable under this chapter." Ala. Code § 8-19-15 (emphasis added). Thus, Judge Moorer concluded, "the remedies under the [ADTPA] and those otherwise available are *mutually exclusive*.'" *Carter v. L'Oreal USA, Inc*., No. 2:16-CV-508-TFM-B, 2019 WL 4786949, at *9 (S.D. Ala. Sept. 30, 2019) (quoting *Holmes v. Behr Process Corp*., Civ. Act. No. 2:15-CV-0454-WMA, 2015 WL 7252662, at *2-3, (N.D. Ala. Nov. 17, 2015) (emphasis in original) (citing *Ford Motor Co. v. Sperau,* 708 So. 2d 111, 122 (Ala. 1997)).

While Federal Rule of Civil Procedure 8(d) may recognize and authorize alternative pleading, Rule 8(d) is inapplicable in this case because its application would "abridge, enlarge, or modify the substantive rights" of the Plaintiffs. *Carter*, 2019 WL 4786949, at *9. The ADTPA dictates the substantive rights of all Plaintiffs by making an ADTPA claim and the relief it affords mutually exclusive from claims for common law and statutory fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment and the relief those claims afford. In other words, by

5

traveling under the ADTPA, the Plaintiffs cannot maintain the "alternative" claims for common law/statutory fraud because the ADTPA does not allow for any alternative – the competing claims are mutually exclusive. Indeed, "[w]hile certainly under the federal rules, [Fed.R.Civ.P.] 8(d), a party may plead alternative or inconsistent claims, the plain text of the ADTPA specifically and unambiguously makes, as an essential element of the claim, the statutory remedy exclusive of other remedies available under Alabama law." *Id.*; (quoting *Holmes v. Behr Process Corp.*, Civ. Act. No. 2:15-CV-0454-WMA, 2015 WL 7252662, at *2-3, (N.D. Ala. Nov. 17, 2015)).

Because Rule 8(d) enlarges and modifies the substantive rights available under the ADTPA by permitting simultaneous and alternative pleading of both the ADTPA and common law/statutory fraud claims, Rule 8(d)'s alternative pleading is inapplicable under the federal Rules Enabling Act. *See Holmes*, 2015 WL 7252662, at *3; *Carter*, 2019 WL 4786949, at *9-10. Thus, the Plaintiffs must replead their Complaints and elect to proceed under the ADTPA *or* pursue their various common law and statutory claims for fraud.

      **C.**     **Plaintiffs' Claims for Injunctive Relief Fail as Plaintiffs Lack Article III Standing and Will Not Suffer an Irreparable Injury Without the Injunction**

The Plaintiffs fail to prove their Article III standing to seek an injunction under the ADTPA, specifically, that they are seeking an injunction to prevent a concrete and particularized, actual or imminent injury. To demonstrate standing, a plaintiff is deemed to have suffered an injury in fact— "an invasion of a judicially cognizable interest"—when he demonstrates a harm that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)).

In their attempt to enunciate this concrete and particularized, actual or imminent harm, the Plaintiffs' Response offers nothing more than speculative or conjectural "what if" scenarios such as

6

(a) a hurricane *might* strike Baldwin County and cause damage to the Plaintiffs' homes, (b) a downturn in the housing market combined with repairs could cause urban blight, and (c) that repairs to homes could ruin the quality of life because home building activities would be ongoing in a residential neighborhood. (Doc. 34, PageID.5876; Doc. 34, PageID.5905-07). This is precisely the type of hypothetical, speculative, and conjectural future injury[1] that is insufficient to establish Article III standing to request injunctive relief. *E.g., Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.") (citations and marks omitted).

Furthermore, the Plaintiffs' Response and the Exhibits attached thereto clearly demonstrate that no one will suffer an irreparable injury if the injunction is not issued. This fact is found in the affidavit of John Minor, a contractor purporting to be another expert witness for the Plaintiffs. Mr. Minor clearly states in his affidavit that "the challenges regarding these properties will require extensive repair including, but not limited to, roof replacement, window and siding replacement, slab repairs and/or interior repairs." (Doc. 34, PageID.5905-07). Furthermore, every Plaintiff across all three Complaints seek damages for "repair costs" and allege "significant expenses in the form of construction costs" will be incurred "to correct" the alleged defects in their homes. (Doc. 1-1, PageID.15-38; Doc. 1-3, PageID.711-729; Doc. 1-4, PageID.767-791). It is abundantly clear that the Plaintiffs have not suffered, and will not suffer in the future, an irreparable injury if an injunction is not awarded in their favor because, per the Plaintiffs' own expert, the defective construction at issue

---

[1] Plaintiffs contend construction activities have no place in a residential neighborhood and that such activities will irreparably injure them and other non-parties such as their neighbors. Such a contention is untethered to reality in that (a) residential neighborhoods cannot exist but for these construction activities, and (b) homes require maintenance, which will, again, require construction activities. A residential neighborhood without construction activities is an impossibility.

7

can be repaired or replaced. The same holds true for any unknown and unidentified person who might one day purchase a home from this Defendant in the future. Thus, the claims for injunctive relief fail as a matter of law.

### D. Plaintiffs Lack Standing to Obtain Injunctive Relief on Behalf of Unknown Non-Parties

Plaintiffs' argument purporting to establish their standing to pursue injunctive relief for future unknown potential purchasers of DRH-Birmingham homes, i.e., that the ADTPA itself establishes standing of this sort, misses the mark. Each citation to the ADTPA found in the Plaintiffs' Response clearly relates to injunctive relief sought by the Attorney General or District Attorney, or the enforcement of an injunction already secured by the Attorney General or District Attorney. There is no language in the ADTPA that permits the individual or collective Plaintiffs to pursue injunctive relief for an unknown and yet to be identified or determined group of people[2].

Even assuming *arguendo* that Plaintiffs' Complaints request an injunction in a representative capacity on behalf of a class under the ADTPA, which they clearly do not, the Plaintiffs still lack the requisite Article III standing to make such a request regarding hypothetical future injuries to hypothetical future purchasers of DRH-Birmingham homes. Again, the Plaintiffs and the unknown future purchasers cannot demonstrate a concrete and particularized, actual or imminent harm. Thus, their claims for injunctive relief fail. *E.g., Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.") (citations and marks omitted) (emphasis in original).

---

[2] In light of *Lisk*, supra, to the extent this Defendant's Motion claims the Plaintiffs could never have standing to pursue ADTPA relief in a representative capacity, such a contention is directed toward the Plaintiffs' pursuit of injunctive relief for a class of unknown, unidentified people.

### E. The Third-Party Purchaser Claims

Finally, as to the third-party purchaser claims, while the Plaintiffs concede their other state law tort claims of negligence, wantonness, and negligent/wanton hiring, training, and supervision are due to be dismissed, they argue that the fraud and ADTPA claims made by the Plaintiffs who purchased homes from prior owners are cognizable despite the lack of privity with DRH-Birmingham and despite the clear holdings of the cases cited by this Defendant in its Motion. (Doc. 34, PageID.5879). The Plaintiffs' position is incorrect.

When faced with the issue "[w]hether a builder who builds a home for sale to the public *owes a duty* to a subsequent purchaser of the home, not in privity with him, who claims injury due to alleged failure of the builder to exercise due care in construction," the Alabama Supreme Court answered with a resounding "no." *Wooldridge v. Rowe*, 477 So. 2d 296, 298 (Ala. 1985) (emphasis added). In the absence of privity between the subsequent purchaser and the builder, the builder owes no duty to the purchaser and doctrine of caveat emptor would apply. *Id.*; *see also Wells v. Clowers Const. Co.*, 476 So. 2d 105, 106 (Ala. 1985); *see also Boackle v. Bedwell Const. Co.*, 770 So. 2d 1076, 1079 (Ala. 2000). Because the builder, in this case DRH-Birmingham, owes no duty to the subsequent purchasers, then all claims premised upon the presence of a duty fail as a matter of law, including fraud. The Plaintiffs' argument that the lack of an "as-is" clause requires denial of this Defendant's Motion to Dismiss and/or Judgment on the Pleadings is without support. The Plaintiffs at issue lack privity with DRH-Birmingham, which means there is no contract between these Plaintiffs and this Defendant. There will never be an "as-is" clause because there is no contract. Therefore, the fraud claims of those Plaintiffs who purchased their homes from a previous homeowner should be dismissed and the absence of an "as-is" clause is of no import because the lack of an "as-is" clause is inherent to the lack of privity.

Finally, the Plaintiffs' Response argues that those Plaintiffs who purchased their homes from a previous owner were entitled to rely upon the previous owner's reliance upon alleged misrepresentations by this Defendant. This novel theory is just that, novel. The Plaintiffs failed to plead any such factual scenario in any of the Complaints of record in this consolidated action. Indeed, even the most generous of interpretation of the allegations contained within the subject Complaints would still demonstrate the Plaintiffs' failure to properly plead their Complaints under Rules 8 and 9. Furthermore, while Plaintiffs claim in their Response that the Fortified designations survive the sale of the home from the first homeowner to these Plaintiffs, and thus the Plaintiffs have a relationship with DRH-Birmingham in the absence of a contract, the Plaintiffs cite zero authority for the proposition that such a relationship creates a legal duty on the part of this Defendant. The Plaintiffs also failed to plead any such facts in any Complaint before this Court. Thus, all claims for those Plaintiffs who purchased their homes from a previous owner are due to be dismissed and DRH-Birmingham is entitled to a Judgment on the Pleadings.

### III.  CONCLUSION

Based on the foregoing, as well as the argument and authority contained in the Defendant's Brief in support of the instant motion (Doc. 10), the Defendant respectfully requests that this Court grant its Partial Motion to Dismiss, Motion for More Definite Statement, and Partial Motion for Judgment on the Pleadings as to the Plaintiffs' Non-Arbitrable Claims and Brief in Support of Partial Motion for Judgment on the Pleadings as to the Plaintiffs' Non-Arbitrable Claims.  (Doc. 9).

Respectfully submitted, this 26th day of April 2022.

>*/s/ William D. Montgomery, Jr.*
>WILLIAM D. MONTGOMERY, JR. (MONTW8728)
>*Attorney for Defendants D.R. Horton, Inc., and*
>*D.R. Horton, Inc.-Birmingham*

OF COUNSEL:

**BALL, BALL, MATTHEWS & NOVAK, P.A.**
RSA Trustmark Building
107 Saint Francis Street, Suite 3340 (36602)
Post Office Box 2648
Mobile, Alabama  36652
Telephone: (251) 338-2721
Facsimile: (251) 338-2722
monty@ball-ball.com

        /s/ W. Bradley Smith
        W. BRADLEY SMITH (ASB-3773-W78S)
        *Attorney for Defendants D.R. Horton, Inc., and*
         *D.R. Horton, Inc.-Birmingham*

OF COUNSEL:

**HAND ARENDALL HARRISON SALE LLC**
Post Office Box 1499
Fairhope, Alabama 36533
Telephone: (251) 990-0079
E-mail: bsmith@handfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon the following counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid this the 26th day of April 2022.

| | |
|---|---|
| J. Thomas Pilcher, IV, Esq.<br>**WILKINS, BANKESTER, BILES**<br>  **& WYNNE, P.A.**<br>P.O. Box 400<br>Bay Minette, AL 36507 | Steven D. Hazelwood, Esq.<br>**HAZELWOOD FIRM, LLC**<br>440 River Route<br>Magnolia Springs, AL 36555 |
| David L. Sheller, Esq.<br>**SHELLER LAW FIRM, PLLC**<br>360 FM 1959<br>Houston, TX 77034 | David F. Walker, Esq.<br>Andrew J. Rutens, Esq.<br>**GALLOWAY, WETTERMARK, RUTENS, LLP**<br>3263 Cottage Hill Road<br>Mobile, AL  36606 |

        /s/ William D. Montgomery, Jr.
        OF COUNSEL